**Lori LAREDO, Plaintiff,**

v.

**CRST MALONE, INC., Russ Garza in his official capacity, Brent Rogers in, his official capacity, Ron Maynard in his official capacity, Defendants.**

**No. 7:10–CV–93–BO.**

United States District Court, E.D. North Carolina, Southern Division.

Sept. 26, 2011.

Lori Laredo, pro se.

Steven A. Rowe, Poyner & Spruill LLP, Rocky Mount, NC, Robert B. Meyer, Poyner & Spruill LLP, Charlotte, NC, for Defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 32]. Plaintiff has responded [DE 46], Defendant has replied [DE 48], and the matter is now ripe for ruling. For the reasons discussed below, Defendant's Motion for Summary Judgment is granted in part.

## BACKGROUND

Plaintiff filed an action against Defendants in the General Court of Justice, Superior Court Division, Brunswick County, North Carolina alleging employment discrimination and negligent infliction of emotional distress. Defendants timely filed a notice of removal in this Court on May 14, 2010, and filed their answer on May 19, 2010. Defendants CRST Malone (CRST) and Ron Maynard filed the instant Motion for Summary Judgment on July 1, 2011. Plaintiff was originally represented by counsel, but now proceeds in this action *pro se.*

Plaintiff Lori Laredo is an over-the-road truck driver. Defendant CRST is a trucking company that engages in the transportation of general commodity freight. Through its owner-operator orientation program, CRST solicits over-the-road truck drivers to operate tractor-trailers that haul goods to locations around country.

In October 2007, Plaintiff attended an owner-operator orientation program at one of CRST's facilities in Eldridge, Iowa with the hope of becoming a driver for CRST. At the orientation, Plaintiff was introduced to the policies and procedures of CRST, complied with Department of Transportation (DOT) background checks and drug testing requirements, and was evaluated on CRST and DOT safety and freight security requirements.

Although Plaintiff participated in the owner-operator orientation program, she was ultimately unable to secure [1] a position as an over-the-road truck driver with CRST. Upon receiving a Right–to–Sue letter from the EEOC, Plaintiff filed the instant action alleging that the only reason that she had been unable to secure a driving position with CRST was that she is female. Plaintiff also alleges that Defendants were negligent such that they inflicted emotional distress on Plaintiff.

## ANALYSIS

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material

---

1. The parties are in dispute as to whether Plaintiff was offered a position to drive for CRST which was then revoked or whether CRST never offered Plaintiff a position following the owner-operator orientation program. However, whether Plaintiff was not offered or was terminated from a position based on her sex is immaterial for purposes of the Title VII analysis. "It shall be unlawful employment practice for an employer—*to fail or refuse to hire or to discharge* any individual, ... because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1) (emphasis added).

facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

*Plaintiff's Title VII Claim*

Title VII of the Civil Rights Act prohibits employers from discriminating against prospective or current employees on the basis of, *inter alia,* sex. 42 U.S.C. § 2000e–2(a)(1). Title VII protection is only available, however, to employees of employers as those terms are defined by the Act. *See* 42 U.S.C. § 2000e(b) (defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees") *and* 42 U.S.C. § 2000e(f) (defining employee as "an individual employed by an employer"). Neither party has challenged CRST's status as an employer under the Act, but CRST contends that because Plaintiff was or would have been hired as an independent contractor she would not have been an employee for purposes of Title VII and her claim for sex discrimination in employment should fail as a matter of law.

■ Because the term employee is not more specifically defined by the Civil Rights Act, courts have concluded that "traditional principles of agency law" should be used in determining whether someone is an employee. *Walters v. Met-*

*ropolitan Educational Enterprises, Inc.,* 519 U.S. 202, 211, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997); *see also Cilecek v. Inova Health System Svcs.,* 115 F.3d 256, 259 (4th Cir.1997). The factors to be considered when determining whether a party is (or would be) an employee include the parties' belief regarding the nature of the employment relationship, the skill required to perform the work, the source of instrumentalities and tools, the extent of the hired party's discretion over when and how long to work, the method of payment, the provision of employee benefits, and the tax treatment of the hired party. *Farlow v. Wachovia Bank of N.C., N.A.,* 259 F.3d 309, 313 (4th Cir.2001) (quoting *Comm. For Creative Non–Violence v. Reid,* 490 U.S. 730, 751–2, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)). Whether a party was or would have been an independent contractor is a question of law, and no one factor is dispositive in determining whether a party is an employee. *Farlow,* 259 F.3d at 313.

■ At the outset, it is important to note that Plaintiff has admitted that had she been terminated by CRST she, like most all other over-the-road drivers for CRST, would have been classified as an independent contractor. [DE 43 at Ex. D]. However, because summary judgement requires that the Court view all of the evidence in the light most favorable to the non-moving party, the Court will examine some of the additional factors outlined above to determine whether Plaintiff would have indeed been an independent contractor and therefore not entitled to relief under Title VII.

Upon review of the evidence presented, it is clear that Plaintiff was or would have been an independent contractor for CRST. First, the application completed by Plaintiff at the orientation program in 2007 states, in bold lettering, "Application for

Lease/Independent Contractor" [DE 41] and the agreement she would have been required to sign had she been selected to drive for CRST is titled "Independent Contractor Operating Agreement" [DE 35], evincing that the parties understood that the nature of their working relationship would have been as a carrier and independent contractor. Driving tractor-trailers is skilled work that requires special licensure, and, while some drivers lease their tractor-trailers from a subsidiary of CRST, others use their own equipment when driving for CRST [DE 34]. Plaintiff and CRST agree that the drivers control the routes they take, that drivers may decline to take a run, and that the drivers have discretion over when and how long they work [DE 46 at 2–3]. Plaintiff contests CRST's assertion that drivers are paid based on a percentage of the receipts generated from each load that they haul, but there is no evidence in the record that CRST drivers are paid hourly, salary, or by any other rate based on time at work. Plaintiff has conceded that taxes are not withheld from CRST drivers' pay and that neither sick leave nor vacation benefits are available to drivers [DE 43 at 6].

When considered together, even in light of those issues about which Plaintiff and CRST disagree, the weight of factors tilts decidedly in favor of finding that Plaintiff would have been an independent contractor had she been a driver for CRST. Independent contractors are not protected by the anti-discrimination provisions of Title VII, making it unnecessary for the Court to consider whether CRST or its employees had a discriminatory motive in not hiring or terminating Plaintiff.

*Plaintiff's State Law Claim*

Plaintiff has also alleged in her complaint a claim for negligent infliction of emotional distress under state law based on the actions of Defendants surrounding her failure to secure a position as a driver for CRST [DE 1–3]. Defendants CRST and Maynard have moved for summary judgment and allege that this claim, like Plaintiff's Title VII claim, fails as a matter of law. Plaintiff failed to address this claim in her response to the Defendants' Motion for Summary Judgment [DE 45, 46], but in a supplement to her response [DE 49], Plaintiff states that she has not waived her emotional distress claim.

Because Plaintiff's federal claim under Title VII has been dismissed, the Court will in its discretion decline to hear the remaining state law claim. 28 U.S.C. § 1367(c)(3); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Farlow*, 259 F.3d at 309. Plaintiff's claim for negligent infliction of emotional distress is dismissed without prejudice.

### CONCLUSION

For the reasons discussed above, Defendants CRST and Maynard's Motion for Summary Judgment is GRANTED as to Plaintiff's Title VII claim and DENIED as to Plaintiff's claim for negligent infliction of emotional distress. Plaintiff's claim for negligent infliction of emotional distress is DISMISSED WITHOUT PREJUDICE.

Because Plaintiff has failed to effect service under Rule 4 of the Federal Rules of Civil Procedure as to Defendants Russ Garza and Brent Maynard [DE 5] within 1120 days of the filing of the Complaint, these Defendants are DISMISSED WITH PREJUDICE. F.R.C.P. 4(m).

All other pending motions are DENIED AS MOOT and the Clerk is hereby DIRECTED to enter judgment in accordance with this order.